IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL LEE WAULS,

Petitioner, No. CIV S-03-0468 MCE JFM P

vs.

DIANA K. BUTLER, Warden, et al.,

Respondents. FINDINGS AND RECOMMENDATIONS

______________________________/

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of fifteen years to life in prison plus two years following his 1989 conviction for second degree murder with and a true finding on two special allegations. In the instant petition, petitioner challenges on several grounds the failure of the California Board of Prison Terms (Board) to set a parole date for him at his initial parole consideration hearing on March 16, 2000.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

/////

      > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, __ U.S. __, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

/////


II. Petitioner's Claims

Petitioner claims that (1) there was insufficient evidence to support the Board's decision to deny parole; (2) the Board improperly relied on custodial counseling chronos and other minor misconduct to deny parole; and (3) the Board improperly relied on a counselor's report to deny petitioner a parole date. Petitioner also seeks a judicial determination of the legality of certain sections of the California Department of Corrections Operations Manual (DOM) under both state law and the due process clause.

A. Procedural Default

Respondents first contend that petitioner procedurally defaulted his claims by failing to exhaust administrative remedies prior to seeking relief in the state courts. Respondents rely on an order of the California Supreme Court denying a petition for writ of habeas corpus filed by petitioner in that court with a citation to In re Dexter, 25 Cal.3d 921 (1979).

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989). The doctrine of procedural default

> blocks federal courts from considering a state court's judgment "if that judgment rests on a state-law ground that is both independent of the merits of the federal claim and has an adequate basis for the court's decision." [Franklin v. Johnson, 290 F.3d 1223,] at 1230 (quoting Harris v. Reed, 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Thus, unlike the exhaustion doctrine, procedural default bars federal review in two situations: "when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred." Id. at 1230-31 (citing Harris, 489 U.S. at 263 n. 9, 109 S.Ct. 1038) (internal quotations omitted).

Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir. 2005).

/////

The record reflects that petitioner filed two petitions for writ of habeas corpus in the California Supreme Court. The first was filed in the state supreme court on August 17, 2001 and assigned No. S099947. (Notice of Filing of Copies of Supreme Court Petitions, filed June 1, 2004.) That petition contained the first two claims raised in the instant action, and it was denied in an order that contained no rationale and no citation to any authority. (See id., Order of the California Supreme Court En Banc, filed February 27, 2002.) This decision is therefore treated as a decision on the merits, see Gaston v. Palmer, __ F.3d __, 2005 WL 1803261, slip op. at 7 (citing Hunter v. Aispuro, 982 F.2d 344, 348 (9th Cir. 1992), and does not preclude federal review of the claims raised therein.

Petitioner's third claim for relief was presented to the California Supreme Court in No. S101358, filed October 15, 2001. (See Notice of Filing of Copies of Supreme Court Petitions.) That petition was denied by order citing to In re Dexter, supra. (See id.) Respondents contend that the citation to Dexter shows that the case was dismissed for failure to exhaust administrative remedies. The proposition that "[a]s a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies" is set forth in Dexter. 25 Cal.3d at 925. While it is hard to find another relevant proposition in the Dexter case, the California Supreme Court did not specifically cite to that page in its order denying petitioner's petition. Moreover, respondents have not met their burden of showing that Dexter is adequate to bar federal review. Cf. Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003).

For the foregoing reasons, respondents' procedural default defense should be rejected and the court should address petitioner's claims on the merits.

/////

/////

/////

/////

/////

B. Merits

1. Sufficiency of Evidence to Support Parole Denial

Petitioner's first claim is that his right to due process was violated because there was "no evidence" to support the Board's decision to deny him a parole date.[1] Petitioner cites several aspects of the Board's decision which he contends are "arbitrary and capricious" or without factual support.

California's governing parole statute "creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause." Biggs v. Terhune, 334 F.3d 910, 914(9th Cir. 2003). "In the parole context, the requirements of due process are satisfied if 'some evidence' supports the decision." Id. at 915.

The decision challenged herein was made at petitioner's initial parole consideration hearing. (See Exhibit A to Petition for Writ of Habeas Corpus, filed March 10, 2003.) At the conclusion of the hearing, the panel found petitioner not suitable for parole based principally on the following factors: (1) the nature of petitioner's commitment offense; (2) petitioner's prior arrest record and "unstable social history," which included selling drugs and gang membership; (3) petitioner's "limited" programming while incarcerated, including insufficient participation in "beneficial self-help and therapy programming" and his failure to "demonstrate evidence of positive change; and (4) his prison disciplinary history. (Ex. A to Petition at 39-40.)

In his first claim, petitioner challenges the Board's findings that his commitment offense was (1) "carried out in an especially cruel and callous manner;" (2) that "the victim was abused during the offense;" and (3) "the offense was carried out in a manner which demonstrates an exceptional callous disregard for human suffering." (Petition, Ground One.)

[1] Petitioner relies on the California Constitution as well as the United States Constitution to support this claim. Only his federal due process claim is cognizable in this action. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985).

> California law allows the Board to consider a myriad of factors when weighing the decision of granting or denying parole. Parole may be denied if the Board "determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for [the] individual." Cal. Penal Code § 3041(b). Additionally, the Board can consider all relevant information including potential threats to public safety, whether the offense was carried out in a manner which demonstrates exceptionally callous disregard for human life, and whether the prisoner engaged in misconduct while in jail. 15 Cal. Code of Regs. § 2402(c)(6);See In re Ramirez, 94 Cal.App.4th 549, 565- 67, 114 Cal.Rptr.2d 381 (2001).

Biggs, at 915.[2] To the extent that petitioner challenges the Board's interpretation of state law, the

---

[2] Section 2402.6 of Title 15 of the California Code of Regulations provides in relevant part:

> Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.
>
> (c) Circumstances Tending to Show Unsuitability. The following circumstances each tend to indicate unsuitability for release. These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate unsuitability include:
>
> (1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.

claim is not cognizable in this federal habeas corpus proceeding.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (habeas corpus relief is unavailable for alleged errors in the interpretation or application of state law); see also Middleton v. Cupp, supra.  Petitioner's only federally protected interest is in "some evidence" to support the Board's findings.  See Biggs, supra.

The findings challenged herein were based on facts contained in the Probation Report prepared August 21, 1989.  (Ex. A to Petition, at 13-14; Probation Officer's Report, included in Case Summaries section of Administrative Record, lodged September 9, 2003.)  Those facts are sufficient to support the Board's characterization of petitioner's commitment offense.

Petitioner also claims that the Board failed to adequately consider his low classification score, which he contends had been "gradually reduced" from 58 points in 1989 to 18 points at the time of the hearing due to "exemplary behavior," or to adequately consider the

---

> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
>
> (C) The victim was abused, defiled or mutilated during or after the offense.
>
> (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
>
> (E) The motive for the crime is inexplicable or very trivial in relation to the offense.
>
> (2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.
>
> (3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.

15 Cal. Code Regs. § 2402.6.  The factors cited by the Board and challenged by petitioner are all within the scope of the regulatory guidelines and were properly considered by the Board.

fact that petitioner had been housed in a Level II facility for a year at the time of the hearing.[3] (Petition, Ground One, p.2.) There is no evidence that the Board failed to consider any information in the record relevant to its decision. More to the point, due process requires only that there be "some evidence" to support the decision made by the Board. For the reasons set forth, supra, there was some evidence to support the Board's decision. Petitioner's first claim for relief should be denied.

2. Use of Custodial Counseling Chronos to Deny Parole

In his second claim, petitioner contends that the Board improperly relied on custodial counseling chronos in reviewing petitioner's prison disciplinary record. Although petitioner refers to the due process clause in this claim, it is grounded in petitioner's interpretation of applicable state regulations. As noted above, alleged errors in the interpretation and application of state law do not provide a basis for federal habeas corpus relief. This aspect of petitioner's second claim does not present a cognizable federal claim.

Petitioner also claims that the Board was required by state law to set a parole date at his initial parole consideration hearing. This aspect of petitioner's second claim is also grounded in state law and is not cognizable in this federal habeas corpus proceeding.[4]

3. DOM § 62090-62090.15

In his third and fourth claims for relief, petitioner calls into question the legality of §§ 62090-62090.15 of the California Department Operations Manual and, apparently, use pursuant thereto of a counselor's report prepared for the March 2000 hearing. Although it is not entirely clear from the petition before this court, in the California Supreme Court petitioner apparently contends that the provisions at issue were not properly promulgated in accordance

[3] According to petitioner, "[a] level II facility is the lowest housing level an inmate serving a life term without a parole date can reach." (Petition, Ground One, p.2.)

[4] It is also wrong. State law provides for subsequent parole consideration hearings at which a parole date may be set. See California Penal Code § 3041.5(b)(2).

with the requirements of state law. After review of the record, this court finds that neither petitioner's third nor fourth claim states a cognizable basis for federal habeas corpus relief.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2005.

UNITED STATES MAGISTRATE JUDGE

12
waul0468.157